UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIHANA HANIBLE, | No. 2:21-cv-1315 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants, | |

Plaintiff Brihana Hanible is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's motion for leave to amend, motion for a temporary restraining order, motion to reopen discovery, and motion for discovery. (ECF Nos. 6, 9, 12, 14, 15.) For the reasons stated below, defendants' motion to dismiss is granted, plaintiff is granted leave to file an amended complaint, and plaintiff's remaining motions are denied.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on July 26, 2021, by filing a complaint and later paying the applicable filing fee. (ECF No. 1.) The complaint alleges that while "on county premise," plaintiff was "locked in handcuffs," had hair "ripped out," was "badly

beaten," "clothes ripped," placed "in an unsanitized room," and denied a phone call. (Compl. (ECF No. 1) at 5.[1]) Pursuant to these allegations the complaint alleges claims for violation of "1. Freedom of Speech 2. Search and Seizure 3. Use of excessive force 4. Cruel and Unusual Punishment 5. Claims of Due Process of law; Discrimination, and Bivens law." (Id. at 4.) Named as defendants in the complaint are the County of Solano Sheriff's Office, Kate Brunke, Gary Nguyen, and Rachel Figueroa. (Id. at 1.)

On September 14, 2021, defendants filed a motion to dismiss. (ECF No. 6.) Plaintiff filed oppositions on October 7, 2021, and October 13, 2021.[2] (ECF Nos. 7 & 8.) On October 13, 2021, plaintiff filed a motion for leave to file an amended complaint. (ECF No. 9.) Defendants filed a reply on October 15, 2021. (ECF No. 10.) Defendants' motion to dismiss was taken under submission on October 18, 2021. (ECF No. 11.) Thereafter, plaintiff filed motions for a temporary restraining order, to reopen discovery, and for discovery. (ECF Nos. 12, 14, 15.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Defendants argue that plaintiff's second filed opposition was untimely and should, therefore, be disregarded. (Reply (ECF No. 10) at 2.) The arguments found in plaintiff's oppositions, however, do not alter these findings and recommendations.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendants' Motion to Dismiss

Defendants' motion to dismiss argues that the complaint fails to allege any factual allegations in support of an identified claim. Review of the complaint finds defendants' argument well taken.

In this regard, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege

facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

For example, the Fourth Amendment protects persons against "unreasonable searches and seizures."  U.S. Const. amend. IV.  The Supreme Court "has stated 'the general rule that Fourth Amendment seizures are 'reasonable' only if based on probable cause' to believe that the individual has committed a crime."  Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979)).  "[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983."  Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988)).

"Probable cause exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  "Alternatively, this court has defined probable cause as follows: when 'under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'"  Id. (citing United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)) (alteration in original); see also Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) ("In determining whether there was probable cause to arrest, we look to the totality of circumstances known to the arresting officers, to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime.").

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard.  See Graham

1  v. Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s applied must
2  be balanced against the need for that force: it is the need for force which is at the heart of the
3  Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting
4  Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  Force is
5  excessive when it is greater than is reasonable under the circumstances."  Santos v. Gates, 287
6  F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

7  With respect to due process "[t]here are two possible forms of a due process claim:
8  substantive and procedural."  Friends of Roeding Park v. City of Fresno, 848 F.Supp.2d 1152,
9  1163-64 (E.D. Cal. 2012).  To state a substantive Due Process claim, plaintiff must allege "a state
10  actor deprived [him] of a constitutionally protected life, liberty, or property interest."  Shanks v.
11  Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).  In this regard, substantive Due Process, "forbids
12  the government from depriving a person of life, liberty, or property in such a way that 'shocks the
13  conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"  Nunez v. City
14  of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165,
15  172 (1952)).  To state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a
16  constitutionally protected liberty or property interest, and (2) a denial of adequate procedural
17  protections.  Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  Here, the complaint does not
18  allege that plaintiff was deprived of a constitutionally protected life, liberty, or property interest.

19  Finally, as to defendant Solano County Sheriff's Office, "[i]n Monell v. Department of
20  Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held
21  liable for a § 1983 violation under a theory of respondeat superior for the actions of its
22  subordinates."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this
23  regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy,
24  practice, or custom of the entity can be shown to be a moving force behind a violation of
25  constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing
26  Monell, 436 U.S. at 694).

27  In order to allege a viable Monell claim a plaintiff "must demonstrate that an 'official
28  policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed

injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm,

and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the complaint fails to allege any factual allegations in support of any claim against any named defendant. Instead, the complaint consists solely of the vague and conclusory allegations, recounted above, regarding the harm suffered by plaintiff. There are no factual allegations asserted against any named defendant. In this regard, it is impossible to discern from the complaint how, when, or even where a named defendant wronged plaintiff.

## II. Leave to Amend

For the reasons stated above, defendants' motion to dismiss will be granted. The undersigned has carefully considered whether plaintiff amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Given the vague and conclusory nature of the allegations found in the amended complaint the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's complaint will be dismissed and plaintiff will be granted leave to file an amended complaint.[3] Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual

---

[3] Having found that plaintiff should be granted leave to amend, plaintiff's separate motion for leave to amend is denied as having been rendered moot. Likewise, because no discovery deadline has yet been set in this action plaintiff's motions related to discovery are denied without prejudice to renewal.

1  allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from

2  conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

3        Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

4  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

5  in itself without reference to prior pleadings.  The amended complaint will supersede the original

6  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the amended complaint,

7  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

8  and identified in the body of the complaint, and each claim and the involvement of each

9  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

10 must also include concise but complete factual allegations describing the conduct and events

11 which underlie plaintiff's claims.

12 **III.     Motion For Temporary Restraining Order**

13       Plaintiff's motion for a temporary restraining order consists solely of various forms

14 without any argument in support. (ECF No. 12.)  Moreover, the legal principles applicable to a

15 request for injunctive relief are well established.  To prevail, the moving party must show either a

16 likelihood of success on the merits and the possibility of irreparable injury, or that serious

17 questions are raised and the balance of hardships tips sharply in the movant's favor.  See

18 Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune,

19 Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

20       The two formulations represent two points on a sliding scale with the focal point being

21 the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any

22 formulation of the test, plaintiff must demonstrate that there exists a significant threat of

23 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

24 court need not reach the issue of likelihood of success on the merits.  Id.  Moreover, the court will

25 not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty

26 of perjury on the question of irreparable injury, (2) a memorandum of points and authorities

27 addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who

28 would be affected by the order sought.  See Local Rule 231.

Here, plaintiff's complaint fails to state a claim and plaintiff has been granted leave to file an amended complaint. In the absence of a complaint that states a claim for relief the undersigned cannot evaluate plaintiff's likelihood of success or the risk of irreparable injury. Accordingly, plaintiff's motion will be denied without prejudice to renewal. If plaintiff elects to file a new application for injunctive relief plaintiff shall ensure compliance with Local Rule 231.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 14, 2021 motion to dismiss (ECF No. 6) is granted;

2. The complaint filed July 26, 2021 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4. Plaintiff's October 13, 2021 motion to amend (ECF No. 9) is denied as having been rendered moot;

5. Plaintiff's November 8, 2021 motion for a temporary restraining order (ECF No. 12), January 3, 2022 motion to reopen discovery (ECF No. 14), and January 3, 2022 motion for discovery (ECF No. 15) are denied without prejudice to renewal.

DATED: January 10, 2022           /s/ DEBORAH BARNES
                                  UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/hanible1315.mtd.ord

---

[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.