**FILED**

FEB - 3 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brihana Hanible, | No. 2:21-cv-1315-JAM-DB |
| Plaintiff, | NOTICE OF MOTION, MOTION TO AMEND COMPLAINT |
| v. | Judge: Hon. Deborah Barnes |
| COUNTY OF SOLANO, a municipal corporation, SOLANO COUNTY SHERIFF DEPARTMENT, CHARLES DEHONEY, THOMAS A. FERRARA, KATE BRUNKE, GARY NGUYEN, AND RACHEL FIGERUOA, and DOES 1-20 | Date: ~~03/30/2022~~ March 25, 2022 |
| | Time: 10:00 am |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff Amended Complaint against Defendants, states as follows:

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT TO SACRAMENTO DIVISION

1.  This is a civil rights action arising from Defendants' unreasonable search and seizure, and use of excessive force, against Plaintiff BRIHANA HANIBLE ("Plaintiff"), on or about February 18, 2021, in the City of Rio Vista, Solano County, California. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

2.  A substantial part of the events and/or omissions complained of herein occurred in the City of Fairfield, Solano County, California, and this action is properly assigned to the

1

1   Sacramento Division of the United States District Court for the Eastern District of

2   California, pursuant to Civil Local Rule 3-2(e).

3

4   **PARTIES AND PROCEDURE**

5   3.  Plaintiff BRIHANA HANIBLE, African American Female, Mathematician, 2425 Valdez

6       Street Apt#312, Oakland, CA 94612, is a resident of the State of California.

7   4.  Defendant COUNTY OF SOLANO is a public entity established by the laws and

8       Constitution of the State of California, and owns, operates, manages, directs, and controls

9       the SOLANO COUNTY SHERIFF OFFICE, 530 UNION AVE #100, FAIRFIELD, CA

10      94533, which employs other defendants in this action.

11  5.  Defendant, THOMAS A. FERRARA, SHERIFF/CORONER, 530 UNION AVE #100,

12      FAIRFIELD, CA 94533, at all material times was the SHERIFF for the Solano County

13      Sheriff Office, and was acting within the course and scope of that employment. In that

14      capacity, Defendant FERRARA was a policy making officer for the Solano County

15      Sheriff Office.

16  6.  Defendant, CHARLES DEHONEY, SHERIFF, 530 UNION AVE #100, FAIRFIELD,

17      CA 94533, at all material times was the SHERIFF for the Solano County Sheriff Office,

18      and was acting within the course and scope of that employment. In that capacity,

19      Defendant FERRARA was a policy making officer for the Solano County Sheriff Office.

20  7.  Defendant KATE BRUNKE, SHERIFF DEPUTY, 530 UNION AVE #100, FAIRFIELD,

21      CA 94533, at all material times was employed as a law enforcement officer by Solano

22      County Sheriff Office and was acting within the course and scope of that employment.

23  8.  Defendant GARY NGUYEN, SHERIFF DEPUTY, 530 UNION AVE #100,

24      FAIRFIELD, CA 94533, at all material times was employed as a law enforcement officer

25      by Solano County Sheriff Office and was acting within the course and scope of that

26      employment.

27  9.  Defendant RACHEL FIGUEROA, SHERIFF DEPUTY, 530 UNION AVE #100,

28      FAIRFIELD, CA 94533, at all material times was employed as a law enforcement officer

1      by Solano County Sheriff Office and was acting within the course and scope of that

2      employment.

3      10. Defendant COUNTY OF SOLANO, 675 TEXAS STREET, SUITE 6600 FAIRFIELD,

4      CALIFORNIA 94533-6342, has refused to produce records and police reports in response

5      to Plaintiff's lawful requests for complete records and information. Plaintiff reserves the

6      right to amend this complaint with further facts and substituting individuals for Doe

7      Defendants after receiving Defendants' reports and records in this matter.

8      11. The true names and capacities of other Defendants sued as DOE 1-20 ("DOE

9      DEFENDANTS"), SHERIFF, 530 UNION AVE #100, FAIRFIELD, CA 94533, are

10     unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, and

11     Plaintiff will seek leave to amend this complaint to show their true names and capacities

12     when the same are ascertained. Each DOE DEFENDANT was an employee of either the

13     COUNTY OF SOLANO or the CITY OF RIO VISTA, and at the time of these events was

14     acting as an agent of the COUNTY OF SOLANO and at all material times acted within

15     the course and scope of that relationship. Plaintiff is informed and believes and thereon

16     alleges that each of the Defendants sued herein was negligently, wrongfully, and

17     otherwise responsible in some manner for the events and happenings as hereinafter

18     described, and proximately caused injuries and damages to Plaintiff. Further, one or more

19     DOE DEFENDANTS was at that times responsible for the hiring, training, supervision,

20     and discipline of other defendants, including DOE DEFENDANTs.

21     12. Plaintiff is informed and believes that each of the Defendants was an agent, servant,

22     employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining

23     Defendants, and in doing the things herein alleged, was acting within the course and scope

24     of that relationship. Plaintiff is further informed and believes that each of the Defendants

25     listed gave consent, aid, and assistance to each of the remaining Defendants, and ratified

26     and/or authorized the acts or omissions of each Defendant as alleged herein, except as

27     may be hereinafter otherwise specifically alleged.

28     13. Previously, Every Defendant was jointly engaged in tortious activity, and an integral

3

1   participant in the conduct described here including the wrongful search, seizure, and use

2   of excessive force against the Plaintiff, resulting in the deprivation of Plaintiff's

3   constitutional rights and other harm.

4   14. During that times, each Defendant acted under color of the laws, statutes, ordinances, and

5   regulations of the State of California and the COUNTY OF SOLANO.

6   15. The acts and omissions of all Defendants as set forth herein were at all material times

7   pursuant to the actual customs, policies, practices and procedures of Defendant COUNTY

8   OF SOLANO.

9   16. Plaintiff brings these claims as Private Attorney General, to vindicate not only her own

10   rights but others' civil rights of great importance.

11   17. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure

12   8(d)(2).

13   **PREVIOUS LAWSUIT**

14   18. Between May 2021 and June 2021 I attempted to file a lawsuit with the state. but every

15   time I did they would return my documents to me. They would not even take my

16   documents informing me that there was a defect. I later filed a claim, but was not told if

17   the claim was denied, approved, or rejected. I was informed that the Solano County

18   Sheriff Office was not being cooperative with sending evidence and wasn't adhering to

19   deadlines. I have just assume it wasn't approve because no one has responded back to me

20   and recently has obtained counsel.

21   19. On July 29, 2021 plaintiff files a Civil Right Complaint which was dismissed with leave ᴱˣᴴᴮᴵᵀ A

22   due to error. Plaintiff later file a motion to amend which was denied as having been

23   rendered moot. Plaintiff's later files a motion for a temporary restraining order, motion to

24   reopen discovery, and motion for discovery which was denied without prejudice to

25   renewal. Plaintiff was then given 28 days to amend the complaint. Plaintiff filed a Motion

26   to Appoint Counsel, Motion for Extension of Time which was order defective as filed and

27   Denied without prejudice subject to renewal. Plaintiff is directed to re-notice the motion in

28   accordance with Local Rule 230(b) of this court.

4

1

**Content of Motion**

2     20. Defendants violated 42 U.S.C §1983.

3     21. Defendants violated 42 U.S.C §1983 (Monell and Supervisory Liability)

4     22. Defendants violated Civil Code §52.1.

5     23. Defendants were negligence which caused personal injury.

6     24. Defendants violated penal code 242 and/or 243.

7

**Allegations to Be Deleted** in EXHIBIT A

8     25. Defendants did not violated a bivens action, this is located on pg. 4, ¶A, and line 8, of the

9     plaintiff's original complaint. the federal discrimination law

10    26. Defendants did not violate Title XH at this time but Plaintiff will seek leave to amend at a

11    later time.

12

**Allegations to be added**

13    27. Defendants violated a state law Assault and Battery, penal code 242 and/or 243, this

14    addition allegation is location in this amended complaint on pg.17-18, line 25, ¶71-74.

15    28. Defendants were negligence which caused personal injury. These allegations can be

16    located on pg.16-17, ¶64-70, and line 17.

17    29. Defendants violated Civil Code §52.1. These allegations can be located on pg. 14-16, ¶60-

18    63, and line 10.

19

**SUPPORTING DECLARATION**

20    30. Plaintiff's amendment is timely and proper and should be permitted. Under Rule 15(a) the

21    court should freely give leave when justice so requires. In the order the court dismissed

22    the case with leave to amend the complaint within 28 days. In doing so this would allow

23    parties to add claims and/or parties within 28 days or until February 7, 2022. This motion

24    to amend complaint is being filed before the deadline and should be granted.

25    31. Furthermore, the amended complaint does not change the nature of this lawsuit which is

26    within this jurisdictions. Plaintiff will seek settlement and discovery in the midst of this

27
28    amended complaint. Both parties have not been given an order for discovery nor

settlement but in the near future seek settlement and discovery in relation to this amended complaint. As of today, the plaintiff has amended claims, damages, relief, and parties that were previously left out. The Plaintiff plans on later amending the complaint when the names of Defendant DOES 1-20 are discovered.

32. Moreover, PLAINTIFF offered an Amended Complaint with hopes it will be granted and without due delay. Since PLAINTIFF filed the original complaint new information had been discovered. For instance, Plaintiff has been informed that Defendant Gary Nguyen has been disciplined for a similar reasons. I've been going through similar assaults, my car has been crashed into twice and I have fallen down stairs because of my pain and suffering.

33. DEFENDANTS attorney previously stated that the Plaintiff did not submit a timely Government Tort Claim. Plaintiff alleges that she submitted a timely Government Tort Claim with County of Solano Board Of Supervisor. Plaintiff will attach a receipt proving that she submitted a government tort claim. Plaintiff is not sure if the tort claim was accepted or rejected, but since we are in court we can assume the tort claim was not approved.

## STATEMENT OF CASE

Plaintiff agrees with each paragraph in this complaint as stated.

34. On or about February 18, 2021, at about 6:59 am, at 974 Waterwood Dr., Rio Vista California, at the request and initiation of Defendant FERRARA, Defendants DEHONEY, and DOES 1-20, acting as integral participants, wrongfully entered and searched the home of Plaintiff BRIHANA HANIBLE. Defendants demanded that plaintiff BRIHANA HANIBLE leave her residence within a small amount of time. Plaintiff attempted to comply. Defendants had no warrant to arrest BRIHANA or anyone else in Plaintiff's home. Defendants had no warrant to enter Plaintiff's home, no consent, and no legal

6

1    justification to do so either. Plaintiff had committed no crimes, and behaved peacefully

2    and lawfully throughout the incident. Defendant DEHONEY, illegally forcing Defendants'

3    way into Plaintiff's home, and Defendants DOES 1-20 joined or fundamentally assisted

4    the forced entry, and all four Defendants illegally searched Plaintiff's home. In the course

5    of this illegal entry, and Plaintiff's protest of it, Defendant DEHONEY, assisted by

6    Defendants DOES, grabbed Plaintiff and very forcefully threw her on the ground and

7    arrested her. Another RIO VISTA OFFICER DOE walked right into the residence

8    without, consent, and informed the sheriff that he had been conversing with the people in

9    the household about one of plaintiff's children and there was no need for him to take her

10   in. SHERIFF DEHONEY aggressively got into his face and said, "Well you should have

11   informed us of it".

12   35. PLAINTIFF began getting worried about herself, children, her family. PLAINTIFF

13   inform them they shouldn't be arguing, and normal cops don't argue. Plaintiff became

14   silent because something wasn't being handle correctly. PLAINTIFF never threatened

15   officers, and Defendants had no justification to use any force against Plaintiff. Plaintiff

16   was put into custody, handcuffed, for several hours

17   36.  On February 18, 2021, at around 9:00 a.m Plaintiff was transported to Solano County

18   Detention Facility located at 500 Union Ave. Fairfield. CA 94533. DOE release plaintiff

19   to DEFENDANT KATE BRUNKE. Plaintiff was confused about what was going on and

20   asked DEFENDANT BRUNKE when she can use a phone to get in touch with her family

21   to see what was going on with her children. DEFENDANT BRUNKE informed her that

22   once PLAINTIFF BRIHANA HANIBLE had been processed she could use a phone.

23   PLAINTIFF was informed that processing consisted of a medical evaluation and a

24   fingerprinting. Plaintiff asked if she could refuse medical and was informed she could.

25   Plaintiff asked would she be processed quickly. Plaintiff was informed she would be

26   process quicker and brought to a phone. Plaintiff refused medical. PLAINTIFF was

27   brought to the fingerprinting machine and instructed to take her fingerprints. She

28   attempted to do so but was in handcuffs the sheriff would not uncuff her nor would they

1    assist in fingerprinting her. Eventually, DEFENDANT BRUNKE called DEFENDANT

2    NGUYEN over to assist, once DEFENDANT NGUYEN arrived PLAINTIFF felt an

3    immediate punch to the face. Plaintiff asked DEFENDANT NGUYEN why he did that.

4    DEFENDANT NGUYEN said nothing. DEFENDANT FIGUEROA AND DEFENDANT

5    BRUNKE, and DENFENDANT DOE 6(African American woman) came over to assist

6    and they began assaulting (punching and scratching) and by pulling plaintiff hair out of

7    her head. PLAINTIFF asked the DEFENDANTS to stop but they wouldn't. The

8    DEFENDANT assaulted PLAINTIFF for several minutes.

9    37. DEFENDANT DOE7( male officer) stood behind me and stated, "What are you going to

10    do?"

11    38. DEFENDANT BRUNKE, DEFENDANT NGUYEN, DENFENDANT FIGERUOA,

12    AND DOES 6-20 throw plaintiff to the floor in a hold tank and immediately began

13    assaulting plaintiff, stepping on plaintiff, and choked plaintiff by a chokehold.

14    DEFENDANT DOE7 grabbed plaintiff's legs. bent it. and then bent it up her back.

15    Plaintiff began screaming, "My leg is broken. STOP!" This occurred for several minutes.

16    DEFENDANTS took plaintiff shoes off of her and locked her in a room with used bloody

17    sanitary pads.

18    39. On, February 19, 2021, Plaintiff was finally processed, informed of her charges, and taken

19    to a phone. She was informed that if she stayed she can see a judge within three-days or if

20    she bailed she would not see a judge for six weeks. Plaintiff wanted to see a judge

21    immediately, so she stayed. During dress in she was swapping her clothes out and an

22    officer walked in. She said, "I have to search you."

23    40. PLAINTIFF said, "I've already been searched." The defendants did not have a search

24    warrant.

25    41. PLAINTIFF ask DOE DEFENDANT for privacy to undress. She called DEFENDANT

26    DOES 1-20 in and they grabbed PLAINTIFF DEFENDANT BRUNKE, DEFENDANT

27    FIGERUOA, DEFENDANT DOES threw PLAINTIFF to the ground. DEFENDANT

28    FIGUERUOA AND DEFENDANT DOES 1-20 sexually assaulting PLAINTIFF by

1    ripping PLAINTIFFS clothes off. Then DEFENDANT DOE1-20 punched PLAINTIFF in

2    the ankle repeatedly for several minutes. DEFENDANT DOE 1-20 (Caucasian female),

3    assaulted PLAINTIFF in the arm so bad it caused a laceration and bleeding.

4    DEFENDANT DOES 1-20 (male officers) put their knee on PLAINTIFF'S neck and face

5    while the other DEFENDANT assaulted PLAINTIFF. PLAINTIFF couldn't move. When

6    the DEFENDANT stood PLAINTIFF up the PLAINTIFF couldn't walk. The PLAINTIFF

7    attempted to walk, but almost fell. The DEFENDANT placed a bag over PLAINTIFF'S

8    head, choked her, and carried PLAINTIFF to the housing unit.

9    42. The PLAINTIFF informed the DEFENDANTS that medical treatment was needed, but

10    they refused to give the PLAINTIFF medical treatment which is medical negligence.

11    PLAINTIFF couldn't leave the housing unit for days and when she finally could leave she

12    called the complaint line and was released. The PLAINTIFF received medical treatment

13    the next business day.

14    43. Acting as integral participants, each with fundamental involvement in the violations of

15    Plaintiff's rights, Defendants unlawfully entered Plaintiff's residence, damaged and/or

16    destroyed Plaintiff's personal property, and unlawfully searched Plaintiff's property

17    without a warrant or other legal cause. Defendants subjected Plaintiff to wrongful seizure

18    and arrest without reasonable suspicion or probable cause. And, Defendants subjected

19    Plaintiff to the use of excessive force in the absence of any immediate threat, the absence

20    of any objectively reasonable information that Plaintiff had committed any crime, and in

21    the absence of any unlawful resistance by Plaintiff. There was no need to use any force

22    against Plaintiff under these circumstances.

23    44. At all times during Plaintiff's contact with Defendants, Plaintiff behaved peacefully and

24    lawfully. Plaintiff never possessed or displayed any weapon, nor did she threaten anyone

25    in any way. Further, Plaintiff never resisted a lawful order and never attempted to escape.

26    45. The force used by Defendants BRUNKE, NGUYEN, FIGERUOA, and DOES 1-20

27    against Plaintiff caused very severe injuries, was a very high level of force, and was

28    unjustified and objectively unreasonable under the circumstances.

9

46. Defendants' entry, search of Plaintiff's home, and seizure of Plaintiff's persons and property were unlawful in their inception and as unreasonably executed. Defendants forced entry in the front door of Plaintiff's residence. Defendants unreasonably destroyed property during the entry and search. This included breaking a bike.

47. At all material times, Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants BRUNKE, NGUYEN, FIGERUOA, and DOE 1-20 decided to unlawfully seize and use force against Plaintiff, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff.

48. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

## Damages

49. Plaintiff required medical treatment for her injuries Defendants caused, including multiple surgeries, and Plaintiff has incurred medical bills.

50. As a direct and imminent result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Significant physical injuries requiring medical treatment, including but not limited to: multiple contusions and abrasions; Large osteochondral defect to the medial shoulder of the talus; there was cystic changes below the subchondral plate; temporary paralysis, all requiring surgeries, physical therapy, and causing disability.

   b. Wrongful searches and seizures;

   c. Unlawful invasions of their home and privacy;

d.  Violation of constitutional rights;

e.  Lost earnings and business opportunities;

f.  Medical expenses;

g.  Pain and suffering and emotional distress;

h.  All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C.
    §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil
    Procedure § 1021.5, and as otherwise allowed under California and United States
    statutes, codes, and common law, when counsel is obtain.

51. Plaintiff timely and properly filed a tort claim pursuant to Cal. Gov. Code § 910 et seq.,
    and this action is filed within all applicable statutes of limitation.

52. Local government units are not entitled to qualified immunity under §1983, this action
    filed shall be granted and discovery shall be granted. Below I will state my clearly
    established right.

**COUNT ONE**

**-- 42 U.S.C. §1983 –**

**<u>PLAINTIFF AGAINST DEFENDANTS BRUNKE, NGUYEN, FIGERUOA, and</u>**

**<u>DOES 1-20</u>**

53. Plaintiff agrees with every paragraph in this complaint.

54. By the actions and omissions described above, Defendants violated 42 U.S.C. §1983,
    depriving Plaintiff of the following clearly established and well-settled constitutional
    rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

a.  The right to be free from government entry of home and real property without
    probable cause and a warrant as secured by the Fourth Amendment to the U.S.
    Constitution;

b.  The right to be secure in one's person, house, papers, and effects against
    unreasonable searches and seizures as secured by the Fourth Amendment to the

11

1    U.S. Constitution;

2          c.   The right to be free from excessive and unreasonable force in the course of a

3               seizure as secured by the Fourth Amendment to the U.S. Constitution; and

4          d.   The rights to free exercise, on behalf of oneself and one's minor children, of rights

5               to freedom of speech and expression, to counsel, to freedom from self-

6               incrimination, to freedom from unreasonable invasion of home, and to freedom

7               from unreasonable search and seizure, without retaliation or denial of equal

8               protection of law as secured by the First Fourth, Fifth, Sixth, and Fourteenth

9               Amendments to the U.S. Constitution.

10   55. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights

11        described herein, knowingly, maliciously, and with conscious and reckless disregard for

12        whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

13   56. Defendants' acts and/or omissions as stated were the moving force behind, and

14        proximately caused injuries and damages to Plaintiff as states above.

15   57. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable

16        under 42 U.S.C. §1983 and California law.

17   58. If counsel is obtained, plaintiff is also entitled to reasonable costs and attorneys' fees

18        under 42 U.S.C. §1988 and applicable California codes and laws.

19                                    **COUNT TWO**

20                  **- 42 U.S.C. §1983 (*Monell* and Supervisory Liability)–**

21          **PLAINTIFF AGAINST DEFENDANTS COUNTY OF SOLANO, SHERIFF**

22                   **THOMAS A. FERRARA, AND DOES 1-20**

23   59. Plaintiff continues to assert each and every paragraph in this complaint as if fully set forth

24        here.

25   60. On information and belief, the unconstitutional actions and/or omissions of Defendants,

26        were pursuant to the following customs, policies, practices, and/or procedures of the

27        SOLANO COUNTY SHERIFF DEPARTMET and/or COUNTY OF SOLANO, which

28        were directed, encouraged, allowed, and/or ratified by DEFENDANT THOMAS

                                           12

1    FERRARA and other policy making officers for the COUNTY OF SOLANO and the

2    SOLANO COUNTY SHERIFF DEPARTMENT:

3        a.  To unlawfully enter private property and homes without a warrant and without

4            other legal basis, including training and permitting officers to do so based on non-

5            existent "exceptions" to the Fourth Amendment;

6        b.  To use or tolerate the use of excessive and/or unjustified force;

7        c.  To permit or tolerate law enforcement actions (including uses of force, seizures,

8            searches, issuance of criminal citations or use of unnecessarily harsh and

9            aggressive tactics) in retaliation for individuals' exercise of protected rights;

10       d.  To cover-up violations of constitutional rights by any or all of the following:

11           i.   by failing to properly investigate and/or evaluate complaints or incidents of

12                excessive and unreasonable force, and unlawful seizures;

13           ii.  by ignoring and/or failing to properly and adequately investigate and

14                discipline unconstitutional or unlawful police activity: and

15           iii. by allowing, tolerating, and/or encouraging police officers to: fail to

16                activate official cameras and recording devices before and during law

17                enforcement actions, including home entries, seizures of persons and uses

18                of force; fail to file complete and accurate police reports; file false police

19                reports; substantively copy other officer's reports; make false statements;

20                intimidate, bias and/or "coach" witnesses to give false information and/or

21                to attempt to bolster officers' stories; and/or obstruct or interfere with

22                investigations of unconstitutional or unlawful police conduct, by

23                withholding and/or concealing material information;

24       e.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement

25           officers and police department personnel, whereby an officer or member of the

26           department does not provide adverse information against a fellow officer or

27           member of the department;

28       f.  To fail to institute, require, and enforce necessary, appropriate and lawful policies,

13

procedures, and training programs to prevent or correct the unconstitutional

conduct, customs, and practices and procedures described in this Complaint and in

sub-paragraphs (a) through (e), with deliberate indifference to the rights and safety

of Plaintiff and the public, and in the face of an obvious need for such policies,

procedures, and training programs; and

g. To use or tolerate inadequate, deficient, and improper procedures for handling,

investigating, and reviewing complaints of officer misconduct made under

California Government Code § 910 et seq.

61. Defendants County of Solano, Ferrara, and DOES 1-20, failed to properly hire, train,

instruct, monitor, supervise, evaluate, investigate, and discipline Defendants, with

deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as

described above.

62. The unconstitutional actions and/or omissions of Defendants. as described above. were

approved, tolerated and/or ratified by Defendant FERRARA and other policy-making

officers for the SOLANO COUNTY SHERIFF DEPARTMENT. Plaintiff is informed and

believes, and thereupon alleges, that the details of this incident have been revealed to the

authorized policy makers within the COUNTY OF SOLANO, and Plaintiff is further

informed and believes, and thereupon alleges, that such policy makers have direct

knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized

policy makers within the COUNTY OF SOLANO, have approved of the conduct of

Defendants, and have made a deliberate choice to endorse the decisions of those defendant

officers and the basis for those decisions. By doing so, the authorized policy makers of the

COUNTY OF SOLANO, have shown affirmative agreement with each individual

Defendant officer's actions, and have ratified the unconstitutional acts of the individual

Defendant officers.

63. The aforementioned customs, policies, practices, and procedures, the failures to properly

and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and

14

discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants COUNTY OF SOLANO, FERRARA, and DOES 1-20 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983 stated above.

64. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

65. As a direct and imminent result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants as described above, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorney fees as stated above, and punitive damages against DEFENDANT FERRARA, BRUNKE, NGUYEN, FIGERUOA. and DOES 1-20. in their individual capacities. Plaintiff does not seek punitive damages against Defendant COUNTY OF SOLANO.

**COUNT THREE**

**-- VIOLATION OF CIVIL CODE §52.1 –**

**PLAINTIFF AGAINST DEFENDANTS FERRARA, BRUNKE, NGUYEN, FIGERUOA, DOES 1-20 AND COUNTY OF SOLANO**

66. Plaintiff agrees with each paragraph in this complaint.

67. By their acts, omissions, customs, and policies, Defendants FERRARA, BRUNKE, NGUYEN, FIGERUOA, and DOES 1-20, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from government entry of home and real property without probable cause and a warrant as secured by the Fourth Amendment to the U.S.

1        Constitution;

2        b.  The right to be secure in one's person, house, papers, and effects against

3             unreasonable searches and seizures as secured by the Fourth Amendment to the

4             U.S. Constitution;

5        c.  The right to be free from excessive and unreasonable force in the course of a

6             seizure as secured by the Fourth Amendment to the U.S. Constitution; and

7        d.  The right to free exercise, on behalf of oneself and one's minor children, of rights

8             to freedom of speech and expression, to counsel, to freedom from self-

9             incrimination, to freedom from unreasonable invasion of home, and to freedom

10            from unreasonable search and seizure, without retaliation or denial of equal

11            protection of law as secured by the First, Fourth, Fifth, Sixth, and Fourteenth

12            Amendments to the U.S. Constitution;

13        e.  The right to enjoy and defend life and liberty, acquire, possess and protect

14            property, and pursue and obtain safety, happiness and privacy, as secured by the

15            California Constitution, Article 1, Section 1;

16        f.  The right to protection from bodily restraint, harm, or personal insult, as secured

17            by Cal. Civil Code § 43.

18    68. Separate from, and above and beyond, Defendants' attempted interference, interference

19      with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the

20      following conduct constituting threats, intimidation, or coercion:

21

22        a.  Threatening Plaintiff with violence, including forcing oneself into Plaintiff's place

23            of residence at that time, without any threat presented by Plaintiff, or any

24            justification whatsoever to enter Plaintiff's home;

25        b.  Conduct specifically defined as coercive in California Civil Code § 52.1(j), that is

26            speech that "threatens violence against a specific person . . . and the person . . .

27            against whom the threat is directed reasonably fears that, because of the speech,

28            violence will be committed against them or their property and that the person

1          threatening violence had the apparent ability to carry out the threat," i.e.:

2          Defendant DEHONEY and DOES 1-20 yelling that he would come into Plaintiff's

3          residence without a warrant or other legal right to do so;

4       c.  Unlawfully entering Plaintiff's home without a warrant or other legal right;

5       d.  Using a very high level of force against Plaintiff sufficient to cause, and that did

6          cause, severe and permanent injuries, in the absence of any threat posed by

7          Plaintiff or other substantial governmental need for such force;

8       e.  Handcuffing Plaintiff in the absence of any indication that she posed an immediate

9          threat to anyone's safety;

10      f.  Unlawfully searching and seizing Plaintiff and her residence; retrieving her ID and

11         phone.

12      g.  Continuing Plaintiff's arrest and custody long after the lack of legal basis to do so

13         was or should have been obvious to Defendants, such that the officers' conduct

14         became intentionally coercive and wrongful;

15   69. As a direct and proximate result of Defendants' violation of California Civil Code §52.1

16     and of Plaintiff's rights under the United States and California Constitutions and law,

17     Plaintiff sustained injuries and damages, and against each and every Defendant is entitled

18     to relief as set forth above, and punitive damages against Defendant law enforcement

19     officers in their individual capacities, and all damages allowed by California Civil Code

20     §§ 52, 52.1, and California law, not limited to five times actual damages, costs, attorneys'

21     fees, and civil penalties. For this claim, the Defendant COUNTY OF SOLANO is

22     empathicly liable for the conduct of its employees and agents pursuant to Cal. Gov. Code

23     § 815.2

24                          **COUNT FOUR**

25              **-- NEGLIGENCE; PERSONAL INJURIES –**

26             **PLAINTIFF AGAINST ALL DEFENDANTS**

27   70. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

28   71. Each Defendant owed Plaintiff the respect to act with due care in the caring out and

1    enforcement of any right, law, or legal obligation.

2    72. Every Defendant owed Plaintiff the duty to act with reasonable care.

3    73. These general duties of reasonable care and due care owed to Plaintiff by all Defendants

4    include but are not limited to the following specific obligations:

5        a. to back off from using excessive and/or unreasonable force against Plaintiff;

6        b. to abstain from causing Plaintiff to be wrongfully arrested and/or detained;

7        c. to avoid from unlawfully entering and searching Plaintiff's home;

8        d. to hold back from abusing their authority granted them by law;

9        e. to use regular police procedures and tactics that are reasonable and necessary

10           under the circumstances;

11       f. to refrain from violating Plaintiff's rights guaranteed by the United States and

12          California Constitutions, as set forth above, and as otherwise protected by law.

13   74. Furthermore, these general duties of reasonable care and due care owed to Plaintiff by

14   Defendants FERRARA and COUNTY OF SOLANO (through its employees and agents)

15   include but are not limited to the following specific obligations:

16       a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate,

17          and discipline SOLANO COUNTY SHERIFF OFFICE employees, agents, and/or

18          law enforcement officers to ensure that those employees/agents/officers act at all

19          times in the public interest and in conformance with law;

20       b. to make, enforce, and at all times act in conformance with policies and customs on

21          behalf of the SOLANO COUNTY SHERIFF OFFICE that are lawful and

22          protective of individual rights, including Plaintiff's;

23       c. to refrain from making, enforcing, and/or tolerating the wrongful policies and

24          customs.

25   75. Defendants, through their acts and omissions, breached each and every one of the

26   aforementioned duties owed to Plaintiff.

27   76. As a direct and imminent result of Defendants' negligence, Plaintiff sustained injuries and

28   damages, and at odds with each and every Defendant are entitled to relief as set forth

18

above and punitive damages against all Defendant law enforcement officers under

California law. For this claim, the Defendant County of Solano is vicariously liable for the

conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2

## COUNT FIVE

## -- ASSAULT AND BATTERY –

## PLAINTIFF AGAINST DEFENDANTS BRUNKE, NGUYEN, FIGERUOA, DOES 1-10 AND COUNTY OF SOLANO

77. Plaintiff continuously states that:

78. Defendants BRUNKE, NGUYEN, FIGERUOA, and DOES 1-20 offensively touched Plaintiff, including fractured Plaintiff's ankle, ripped her clothes off, and handcuffing her, while Plaintiff was behaving lawfully. This behavior as described herein constitutes assault and battery. These Defendants also were integral participants in barging through Plaintiff's door, which constitutes assault. I plan on submitting documents confirming everything that I have stated here I believe that is take to trial this is called discovery.

79. The actions and omissions, customs, policies, and representations of Defendants, as described above, were intentional and reckless, harmful, threatening, and/or offensive, and a proximate cause of Plaintiff's damages.

80. As a direct and imminent result of these Defendants' assault and battery, Plaintiff sustained injuries and damages, and is entitled to relief as stated above, and punitive damages against Defendants BRUNKE, NGUYEN, FIGERUOA and DOES 1-20 under California law. For this claim, the Defendants COUNTY OF SOLANO is vicariously liable for the conduct of their employees and agents pursuant to Cal. Gov. Code § 815.2.

## Legal Relief

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b. punitive damages under 42 U.S.C. §1983 and California law in an amount

1        according to proof and which is fair, just, and reasonable (punitive damages are

2        not sought against the COUNTY OF SOLANO);

3    c. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42

4        U.S.C. §§ 1983, and 1988; Cal. Code Civ. Proc. § 1021.5, Cal. Civil Code § 52 et

5        seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6    d. Injunctive relief, including but not limited to the following:

7        i.    an order prohibiting Defendants COUNTY OF SOLANO and its SHERIFF

8            from engaging in the unconstitutional customs, policies, practices,

9            procedures, training and supervision as may be determined and/or adjudged

10           by this case;

11       ii.   an order prohibiting Defendants and their law enforcement officers from

12           engaging in the "code of silence" as may be supported by the evidence in

13           this case; such other and further relief as this Court may deem appropriate.

14

15               *Plaintiff hereby requests a trial by jury.*

16

17             By: *Brihana Hanible*

18                  Brihana Hanible

19                  (510)459-3436

20               bhanible@yahoo.com

21                  Pro Se

22

23

24

25

26

27

28

# EXHIBIT A

Name Brihana Hanible
Street Address 1586 62nd St. PO Box 8354
City and County Emeryville and Alameda
State and Zip Code CA and 94662
Telephone Number (510)641-3972



**FILED**

JUL 26 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Brihana Hanible

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-
County of Solano Sheriff's Office
Kate Brunke 1 C515
Gary Nguyen 1C175
Rachel Figueroa 1C105

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:21 CV 1315 - JAM DB PS

_____

*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☒ No
*(check one)*

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name **Brihana Hanible**

Street Address **1515 62nd street PO BOX 8354**

City and County **Emeryville and Yolo**

State and Zip Code **CA and 94662**

Telephone Number **(510) 681-3421**

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name **County of Solano Sheriff's Office**

Job or Title (if known) **Unkown**

Street Address **530 Union Ave, Ste 100**

City and County **Fairfield and Solano**

State and Zip Code **CA and 94533**

Telephone Number **(707) 784-7001**

Defendant No. 2

Name **Kate Brunke**

Job or Title (if known) **Correctional Officer : Sheriff Solano county Sheriff**

Street Address **530 Union Ave. Ste 100**

City and County **Fairfield and Solano**

State and Zip Code **CA. and 94533**

Telephone Number **(707) 784-7001**

2

Defendant No. 3

| | |
|---|---|
| Name | Gary Nguyen |
| Job or Title (if known) | Solano County Sheriff (correctional officer) |
| Street Address | 530 Union Ave, Ste 100 |
| City and County | Fairfield and Solano |
| State and Zip Code | CA |
| Telephone Number | (707) 784 - 7001 |

Defendant No. 4

| | |
|---|---|
| Name | Rachel Figueroa |
| Job or Title (if known) | Solano County Sheriff (correctional officer) |
| Street Address | 530 Union Ave, Ste 100 |
| City and County | Fairfield and Solano |
| State and Zip Code | California and 94533 |
| Telephone Number | (707) 784-7001 |

## II. Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

3

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United
States Constitution that are at issue in this case.

Title 42, Section 1983, "Color of Law" violation of
1. Freedom of Speech  2. Search and Seizure 3. Use of excessive
force 4. Cruel and Unusual Punishment  5. Claims of Due Process
of the law, Discrimination, and Given laws (loss wages)

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* Brihana Hanible , is a citizen of
the State of *(name)* California .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated
under the laws of the State of *(name)* _____,
and has its principal place of business in the State of *(name)*
_____.

*(If more than one plaintiff is named in the complaint, attach an additional
page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* Kate Brunke , is a citizen of
the State of *(name)* California . *Or is a citizen of*
*(foreign nation)* _____.

4

b.  If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or is*
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

3.  The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at stake—is more than $75,000, not counting interest
and costs of court, because *(explain)*:

80 million dollars I have to get an ankle surgery.
possibly a ankle replacement which could cause permanent
disability (damage) and I am undergoing treatment for my spine

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as
briefly as possible the facts showing that each plaintiff is entitled to the damages or other
relief sought. State how each defendant was involved and what each defendant did that
caused the plaintiff harm or violated the plaintiff's rights, including the dates and places
of that involvement or conduct. If more than one claim is asserted, number each claim
and write a short and plain statement of each claim in a separate paragraph. Attach
additional pages if needed.

① The plaintiff's innocent (Faith and Joseph) put under distress and messed their mind
up. They are becoming hypnotized with the repetitiveness, having
to hear police brutality events about their mother.

② I was on county release, locked in handcuffs. I was assault,
my hair was ripped out of my head by the sheriff. I was badly beaten by several
sheriff. My clothes were ripped off me. I couldn't walk nor
stand straight. I was put in an unsanitized room. I crawled on the
bed and laid on my back and my spine felt to be in my abdomen.
My spine slowly straightened out. I was denied a phone for the first
16 hrs. I could not walk to the intercome, they played on it.
③ Ultimately, I was scared for my life. I suffered a
fractured ankle. left with a spinal condition, and minor head injures.

IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I have
I would like $80 million. My injury can lead to permanent damages or disability. I would like compensation for punitive damages, a civil lawsuit under mental distress. I mean the law enforcement are heros how am I supposed to be the only person thinking they are bad. That's not normal. For negligence, comendation should be given. For the officers involved to stay away from my family, friend, associates, and I for as long as time permits.

V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 26, 2021.

Signature of Plaintiff       Brihana Hamble
Printed Name of Plaintiff    Brihana Hamble

6

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff **Alameda**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Solano**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 2  U.S. Government Defendant
- ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Product Liability | | | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability ❑ 367 Health Care/ | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander Personal Injury | | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' Product Liability | | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability ❑ 368 Asbestos Personal | | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine Injury Product | | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle ❑ 370 Other Fraud | Act | ❑ 862 Black Lung (923) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability ❑ 380 Other Personal | Relations | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury ❑ 385 Property Damage | ❑ 751 Family and Medical | | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - Product Liability | Leave Act | | Act |
| | Medical Malpractice | ❑ 790 Other Labor Litigation | | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ☒ 440 Other Civil Rights **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting ❑ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Sentence | | 26 USC 7609 | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - ❑ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education ❑ 555 Prison Condition | | | |
| | ❑ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: **Title 42 Section 1983**

Brief description of cause: **"Color of law": violation of civil rights**

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❑ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

2:21 - CV 1315   JAM DB PS

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Brihana Hanible
2425 Valdez street Apt #312
Oakland, CA 94612
PRO SE
(510)459-3436

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| HANIBLE | CASE NUMBER |
| PLAINTIFF(S), | 2:21-CV-1315-JAM-DB |

v.

COUNTY OF SOLANO, a municipal corporation,
SOLANO COUNTY SHERIFF DEPARTMENT, CHARLES
DEHONEY, THOMAS A. FERRARA, KATE BRUNKE
CARYN GUYEN, RACHEL FIGEROA, and DOES 1-20

DEFENDANT(S).

**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, ▓▓▓▓▓▓▓▓▓▓
_____ N/A _____, ▓▓▓▓▓▓▓▓▓, and not a
party to the above-entitled cause. On _____, 20_____, I served a true copy of

by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by
depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:
(list names and addresses for person(s) served. Attach additional pages if necessary.)
SELMAN BREITMANLLP
33 NEW MONTGOMERY, SIXTH FLOOR
Place of Mailing: SAN FRANCISCO, CA 94105
Executed on __February 31__, 20 22 at __Oakland_____, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of
California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the
service was made.

☑ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_Signature of Person Making Service_

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
_Signature_                                _Party Served_