1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIHANA HANIBLE,                          No.  2:21-cv-1315 TLN DB PS

12                    Plaintiff,

13        v.                                   ORDER

14   SOLANO COUNTY SHERIFF'S
     OFFICE, et al.,
15

16                    Defendants,

17

18        Plaintiff Brihana Hanible is proceeding in this action pro se.  This matter was referred to

19   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned are defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal

21   Rules of Civil Procedure and to strike pursuant to Rule 12(f), as well as plaintiff's motions for

22   recusal and for hearing.  (ECF Nos. 23, 30, 33, & 34.)  For the reasons stated below, defendants'

23   motion to dismiss is granted, plaintiff is granted leave to file a second amended complaint, and

24   plaintiff's remaining motions are denied.

25                              **BACKGROUND**

26        Plaintiff, proceeding pro se, commenced this action on July 26, 2021, by filing a

27   complaint and later paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding on an

28   amended complaint filed on February 2, 2022.  (ECF No. 22.)  The amended complaint largely

                                        1

concerns allegations of unlawful search and seizure, and excessive force against officers with the Solano County Sheriff's Office.

On February 17, 2022, defendants County of Solano, Solano County Sheriff's Department, Charles Dehoney, Thomas A Ferrara, Kate Brunke, Gary Nguyen, and Rachel Figueroa filed a motion to dismiss and to strike.[1]  (ECF No. 23.)  Plaintiff filed a document styled "AMENDED COMPLAINT FOR DAMAGES" on March 7, 2022.[2]  (ECF No. 26.)  Defendants filed a reply on March 17, 2022.  (ECF No. 27.)  Defendants' motion was taken under submission on March 22, 2022.  (ECF No. 28.)

On March 23, 2022, plaintiff filed a sur-reply in the form on an objection to defendants' reply.[3]  (ECF No. 29.)  That same day plaintiff also filed a motion to recuse the undersigned. (ECF No. 30.)  On March 25, 2022, defendants filed a response to plaintiffs' sur-reply.  (ECF No. 31.)  On June 6, 2022, plaintiff filed requests for hearing of defendants' motion to dismiss and plaintiff's motion for recusal.[4]  (ECF Nos. 33 & 34.)

## STANDARDS

### I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

---

[1] Defendants' motion to dismiss is a partial motion to dismiss as it does not seek dismissal of every claim asserted in the amended complaint.  In future pleadings defendants shall explicitly state such.

[2] Defendants note that "the text of Plaintiff's filing suggests that is it an opposition to Defendants' motion to dismiss."  (Defs' Reply (ECF No. 27) at 2.)  It appears to the undersigned that plaintiff intended to simultaneously oppose defendants' motion and to seek leave to file a second amended complaint.  In this regard, the document states that it is "Plaintiff['s] Amended Complaint against Defendants motion to dismiss[.]"  (ECF No. 26 at 2.)

[3] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status the undersigned has considered the sur-reply in evaluating defendants' motion to dismiss.

[4] The undersigned finds those motion suitable for resolution without a hearing pursuant to Local Rule 230(g).  Plaintiff's requests for hearings, therefore, will be denied.

1  sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

2  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

3  relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

4  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

5  the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

6  Iqbal, 556 U.S. 662, 678 (2009).

7          In determining whether a complaint states a claim on which relief may be granted, the

8  court accepts as true the allegations in the complaint and construes the allegations in the light

9  most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

10  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

11  stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

12  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

13  form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

14  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

15  an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A

16  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

17  elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

18  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

20  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

21  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

22  459 U.S. 519, 526 (1983).

23          In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

24  to consider material which is properly submitted as part of the complaint, documents that are not

25  physically attached to the complaint if their authenticity is not contested and the plaintiff's

26  complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles,

27  250 F.3d 668, 688-89 (9th Cir. 2001).

28  ////

3

1    **II.      Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)**

2            A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any

3    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

4    Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

5    money that must arise from litigating spurious issues by dispensing with those issues prior to

6    trial[.]" Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting

7    Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty

8    v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d

9    880, 885 (9th Cir. 1983).

10           A motion to strike is well-taken when "it is clear that the matter to be stricken could have

11   no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co.,

12   814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive

13   or relevant to issues involved in the action and which could not be admitted as evidence in the

14   litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f)

15   includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v.

16   Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

17           Ultimately, whether to grant a motion to strike applying these standards lies within the

18   sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of

19   Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[5]

20                                      **ANALYSIS**

21   **I.      Defendants' Motion to Dismiss**

22           The amended complaint alleges that on February 18, 2021, defendants Thomas Ferrara

23   and Charles Dehoney—both employed as Solano County Sheriffs—"wrongfully entered and

24   searched" plaintiff's home without a warrant, consent, or "legal justification." (Am. Compl.

25

26   _____

27   [5] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v.
     Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be
     granted unless it is absolutely clear that the matter to be stricken could have no possible bearing
28   on the litigation. Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

1   (ECF No. 22) at 6.[6])  Thereafter, defendant Dehoney "forcefully threw" plaintiff on the ground

2   and arrested her."  (Id. at 7.)  "Defendants had no justification to use any force against Plaintiff."

3   (Id.)  These allegations would state claims for unlawful search and seizure against defendants

4   Ferrara and Dehoney, as well as for the excessive use of force against defendant Dehoney.

5        In this regard, the Fourth Amendment protects persons against "unreasonable searches and

6   seizures."  U.S. Const. amend. IV.  The Supreme Court "has stated 'the general rule that Fourth

7   Amendment seizures are 'reasonable' only if based on probable cause' to believe that the

8   individual has committed a crime."  Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting

9   Dunaway v. New York, 442 U.S. 200, 213 (1979)).  "[A]n arrest without probable cause violates

10  the Fourth Amendment and gives rise to a claim for damages under § 1983."  Lee v. City of Los

11  Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391

12  (9th Cir. 1988)).

13       A claim that a law enforcement officer used excessive force during the course of an arrest

14  is also analyzed under the Fourth Amendment and an objective reasonableness standard.  See

15  Graham v. Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s

16  applied must be balanced against the need for that force: it is the need for force which is at the

17  heart of the Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997)

18  (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).

19  Force is excessive when it is greater than is reasonable under the circumstances."  Santos v.

20  Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

21       However, as pointed out by defendants' motion to dismiss, the amended complaint's

22  Fourth Amendment claims are not asserted against either defendant Ferrara or defendant

23  ////

24  ////

25  ////

26

27

28

---

[6] Page number citations such as this one are to the page number reflected on the court's CM/ECF
system and not to page numbers assigned by the parties.

Dehoney.[7]  (Am. Compl. (ECF No. 22) at 11.)  Moreover, several claims asserted in the amended complaint are entirely devoid of any factual allegations in support.

Specifically, the amended complaint attempts to assert a claim for "Monell and Supervisory Liability" against defendant County of Solano and defendant Ferrara.  (Id. at 12.) "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim a plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in

---

[7] The amended complaint does state a claim for the excessive use of force against defendant officers Brunke, Nguyen, and Figueroa, based on allegations that these defendants pulled out plaintiff's hair, threw plaintiff on the ground, contorted plaintiff's leg, punched, choked, and/or scratched plaintiff.  (Am. Compl. (ECF No. 22) at 7-8.)  Defendants have not sought to dismiss this claim.  Nor have defendants sought dismissal of the amended complaint's claims for violation of California's Bane Act or for assault and battery.  (Defs.' MTD (ECF No. 23-1) at 9.)

the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the amended complaint simply asserts vague and conclusory allegations of "unconstitutional . . . customs, policies, practices, and/or procedures," without any factual support.  (Am. Compl. (ECF No. 22) at 12.)  See Figueroa v. Kern Cnty., 506 F.Supp.3d 1051, 1060 (E.D. Cal. 2020) ("a complaint must contain sufficient factual allegations to plausibly suggest a policy or custom, as opposed to merely random, unconnected acts of misconduct").

The amended complaint also contains a vague assertion that defendants Brunke, Nguyen and Figueroa violated plaintiff's rights pursuant to the First, Fifth, Sixth, and Fourteenth

1   Amendments.  (Am. Compl. (ECF No. 22) at 12.)  "The freedom of individuals verbally to

2   oppose or challenge police action without thereby risking arrest is one of the principal

3   characteristics by which we distinguish a free nation from a police state."  City of Houston, Tex.

4   v. Hill, 482 U.S. 451, 462-63 (1987).  In the Ninth Circuit, "an individual has a right 'to be free

5   from police action motivated by retaliatory animus but for which there was probable cause.'"

6   Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013) (quoting Skoog v. County of

7   Clackamas, 469 F.3d 1221, 1235 (9th Cir. 2006)).  "In order to demonstrate a First Amendment

8   violation, a plaintiff must provide evidence showing that 'by his actions the defendant deterred or

9   chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor

10  in the defendant's conduct.'"  Mendocino Environmental Center v. Mendocino County, 192 F.3d

11  1283, 1300 (9th Cir. 1999) (alternations omitted) (quoting Sloman v. Tadlock, 21 F.3d 1462,

12  1469 (9th Cir. 1994)).

13      The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal

14  case to be a witness against himself."  U.S. Const. Amend. V.  The Sixth Amendment provides

15  that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

16  Counsel for his defense."  U.S. Const. Amend. VI.  And "the Due Process Clause of the

17  Fourteenth Amendment prohibits the States, from depriving any person of property without 'due

18  process of law.'"  Dusenbery v. U.S., 534 U.S. 161, 167 (2002).  To state a due process violation

19  a plaintiff "must plausibly allege: '(1) a deprivation of a constitutionally protected liberty or

20  property interest, and (2) a denial of adequate procedural protections.'"  Franceschi v. Yee, 887

21  F.3d 927, 935 (9th Cir. 2018) (quoting Hufford v. McEnaney, 249 F.3d 1142, 1150 (9th Cir.

22  2001)).

23      Here, the amended complaint fails to contain any factual allegations in support of these

24  claims.  Instead, the amended complaint simply asserts that the defendants violated plaintiff's

25  rights "as secured by the First . . .  Fifth, Sixth, and Fourteenth Amendments to the U.S.

26  Constitution."  (Am. Compl. (ECF No. 22) at 12.)  Although the Federal Rules of Civil Procedure

27  adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's

28  claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R.

8

1    Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A

2    pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of

3    action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of

4    'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly,

5    550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts

6    which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

7        Defendants' motion to dismiss also challenges the amended complaint's claim for

8    negligence.  (Defs.' MTD (ECF No. 23-1) at 19.)  "In order to prevail on a claim for common law

9    negligence against a police officer, Plaintiffs must show that (1) the officer owed plaintiff a duty

10   of care; (2) the officer breached the duty by failing 'to use such skill, prudence, and diligence as

11   other members of the [the] profession commonly possess and exercise,' (3) there was a

12   'proximate causal connection between the [officer's] negligence conduct and the resulting injury'

13   to the plaintiff; and (4) the officer's negligence resulted in 'actual loss or damage' to the

14   plaintiff."  Robinson v. City of San Diego, 954 F.Supp.2d 1010, 1026-27 (S.D. Cal. 2013)

15   (quoting Harris v. Smith, 157 Cal.App.3d 100, 104 (1984)); see also Price v. Cnty. of San Diego,

16   990 F. Supp. 1230, 1245 (S.D. Cal. 1998) ("To prevail on their negligence claim, Plaintiffs must

17   show that the deputies acted unreasonably and that the unreasonable behavior harmed Price.").

18       Here, the amended complaint fails to contain factual allegations in support of a claim for

19   negligence.  Instead, the amended complaint asserts in a vague and conclusory manner that

20   "[e]very Defendant owed Plaintiff the duty to act with reasonable care," and that the "Defendants,

21   through their acts and omissions, breached" various asserted duties of care.  (Am. Compl. (ECF

22   No. 22) at 18.)

23       Accordingly, for the reasons stated above, defendants' motion to dismiss will be granted.[8]

24   ////

25   _____

26   [8] Defendants' motion also argues that the amended complaint's requests for injunctive relief
     should be stricken due to a failure to demonstrate standing to seek the relief requested.  (Defs.'

27   MTD (ECF No. 23-1) at 21.)  Having found that defendants' motion to dismiss should be granted
     and that plaintiff should be granted leave to amend, the undersigned need not address this

28   argument at this time.

1    **II.     Leave to Amend**

2          The undersigned has carefully considered whether plaintiff may further amend the

3    complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to

4    amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

5    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

6    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

7    while leave to amend shall be freely given, the court does not have to allow futile amendments).

8          Here, as reflected by the above analysis, it appears to the undersigned that granting

9    plaintiff further leave to amend is certainly not—at this stage—futile.  Plaintiff's amended

10   complaint will, therefore, be dismissed and plaintiff will be granted leave to file a second

11   amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended

12   complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

13   is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

14   supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While

15   legal conclusions can provide the complaint's framework, they must be supported by factual

16   allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from

17   conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

18         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

19   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

20   in itself without reference to prior pleadings.  The second amended complaint will supersede the

21   amended complaint just as the amended complaint superseded the original complaint.  See Loux

22   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the second amended complaint, just as if it

23   were the initial complaint filed in the case, each defendant must be listed in the caption and

24   identified in the body of the complaint, and each claim and the involvement of each defendant

25   must be sufficiently alleged.

26         Any amended complaint which plaintiff may elect to file must also include concise but

27   complete factual allegations describing the conduct and events which underlie plaintiff's claims.

28   Thus, plaintiff must allege clearly and specifically the elements of the claim and the alleged

10

1  wrongful conduct of each defendant against whom the claim is asserted.  There can be no liability

2  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

3  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362; May v. Enomoto, 633 F.2d

4  164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

5  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

6  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7  **III.    Plaintiff's Motion for Recusal**

8  Requests for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  § 144

9  provides that "[w]henever a party to any proceeding in a district court makes and files a timely

10  and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

11  prejudice either against him or in favor of any adverse party, such judge shall proceed no further

12  therein, but another judge shall be assigned to hear such proceeding."  § 455 provides that a judge

13  "shall disqualify himself in any proceeding in which his impartiality might reasonably be

14  questioned."

15  "'The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the

16  same: Whether a reasonable person with knowledge of all the facts would conclude that the

17  judge's impartiality might reasonably be questioned.'"  U.S. v. McTiernan, 695 F.3d 882, 891

18  (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).  "To

19  disqualify a judge, the alleged bias must constitute 'animus more active and deep-rooted than an

20  attitude of disapproval toward certain persons because of their known conduct.'"  U.S. v.

21  Wilkerson, 208 F.3d 794, 799 (9th Cir. 2000) (quoting U.S. v. Conforte, 624 F.2d 869, 881 (9th

22  Cir. 1980)).

23  Here, plaintiff's motion is not accompanied by any affidavit, let alone a sufficient

24  affidavit.  Nor does the motion provide any reason to believe the undersigned's impartially may

25  be questioned.  Plaintiff's motion simply consists of a single sentence asserting that the

26  undersigned "cannot provide a fair impartial ruling" on this matter.  (Pl.'s Mot. Rec. (ECF No.

27  30) at 1.)  Plaintiff's motion will, therefore, be denied without prejudice to renewal.

28  ////

1

**CONCLUSION**

2        Accordingly, IT IS HEREBY ORDERED that:

3        1.  Defendants' February 17, 2022 motion to dismiss (ECF No. 23) is granted;

4        2.  The amended complaint filed February 3, 2022 (ECF No. 22) is dismissed with leave

5    to amend;

6        3.  Within twenty-eight days from the date of this order, a second amended complaint

7    shall be filed that cures the defects noted in this order and complies with the Federal Rules of

8    Civil Procedure and the Local Rules of Practice.  The second amended complaint must bear the

9    case number assigned to this action and must be titled "Second Amended Complaint";

10       4.  Plaintiff's March 23, 2022 motion for recusal (ECF No. 30) is denied without prejudice

11   to renewal; and

12       5.  Plaintiff's June 6, 2022 requests for hearings (ECF Nos. 33 & 34) are denied.

13   Dated:  August 8, 2022

14

15

16                              DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23   DLB:6
     DB/orders/orders.pro se/hanible1315.mtd2.ord
24

25

26

27

28

                              12