UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIHANA HANIBLE, | No. 2:21-cv-01315-SCR |
| Plaintiff, | |
| v. | ORDER RE: DISCOVERY MOTIONS |
| COUNTY OF SOLANO, et al., | |
| Defendants. | |

Plaintiff proceeds pro se in this civil rights action raising claims under 42 U.S.C. §1983 and state law claims from an encounter with law enforcement in February 2021. The parties have consented to magistrate judge jurisdiction and this matter is before the undersigned for all proceedings. ECF Nos. 46 & 97. The Court held a hearing on Defendant's motion for summary judgment (ECF No. 71) and five discovery related motions filed by Plaintiff (ECF Nos. 66, 74, 76, 77, & 85) on February 20, 2025. Following the hearing, the Court allowed Plaintiff one week to file a motion to reopen discovery (ECF No. 102) and a motion to supplement the summary judgment record (ECF No. 101). The Court now issues this Order to address the seven pending discovery motions. An order on the motion for summary judgment will be issued separately.

**I.  Procedural History and Background**

Plaintiff filed this action on July 26, 2021. ECF No. 1. Plaintiff alleged that on February 18, 2021, the Solano County Sheriff's office and three named officers violated her constitutional

1

rights and that she was "badly beaten" and suffered a fractured ankle that required surgery. ECF No. 1 at 5. Defendants filed a motion to dismiss (ECF No. 6), which Magistrate Judge Barnes granted on January 11, 2022 (ECF No. 18). Judge Barnes found the complaint alleged insufficient factual matter and granted leave to amend. Plaintiff filed a first amended complaint ("FAC") on February 3, 2022. Plaintiff's FAC named Solano County and five individuals as defendants: Thomas Ferrara, Charles Dehoney, Kate Brunke, Rachel Figueroa, and Gary Nguyen. ECF No. 22 at 1-2. Defendants moved to dismiss certain claims in the FAC.[1] Judge Barnes granted the motion and gave Plaintiff further leave to amend. ECF No. 37.

Plaintiff did not further amend,[2] and on October 19, 2022, Judge Barnes issued an order which stated, in part: "[P]laintiff has not filed a second amended complaint. In this regard, it appears that plaintiff has elected to proceed on the amended complaint's remaining claims of excessive force, violation of the Bane Act, assault, and battery, and consents to the dismissal of all other claims." ECF No. 39 at 1-2. Defendants were directed to file an Answer, which they did. ECF Nos. 39 & 40. Thereafter, Judge Barnes issued a Scheduling Order setting a deadline of September 15, 2023 for the completion of discovery, and a November 3, 2023 deadline for pretrial motions. ECF No. 51. The parties participated in settlement conferences, though the case did not settle. ECF Nos. 57-59.

Judge Barnes later extended the deadline for completion of discovery to November 17, 2023, and for all pretrial motions to December 22, 2023. ECF No. 64. Defendants filed a motion for summary judgment ("MSJ") on November 14, 2023. At about the same time, in November and December 2023, Plaintiff filed five discovery-related motions. One was filed prior to Defendants' noticing the MSJ, and all five were filed prior to the December 22, 2023 deadline for pretrial motions.

---

[1] As pointed out in Judge Barnes' order, it was a partial motion to dismiss which did not seek dismissal of all claims. ECF No. 37 at 2 n.1.
[2] Plaintiff had in fact submitted a Second Amended Complaint ("SAC") on March 7, 2022 (ECF No. 26), in response to Defendants' Motion to Dismiss the FAC. However, Judge Barnes did not discuss the SAC in her Order on the MTD and the parties have not sought to treat that as the operative complaint.

**II.     Discovery Related Motions Filed Prior to the Motions Deadline**

Plaintiff has seven pending discovery-related motions, and the Court will address them in the order in which they were filed, beginning with the five motions filed prior to the summary judgment hearing:

### 1.   Motion to Quash (ECF No. 66)

Plaintiff moves to quash a subpoena duces tecum and seeks $100,000 in monetary sanctions. It appears that Plaintiff claims Defendants served a subpoena on her concerning the production of medical records. ECF No. 66 at 6-7. Plaintiff did not attach the subpoena to her motion. Judge Barnes issued a minute order directing Plaintiff to re-notice the motion in accord with Local Rule 251. ECF No. 68. Plaintiff did not re-notice the motion, and Defendants did not file an opposition to the motion. The motion will be denied based on Plaintiff's failure to present a record supporting the motion and failure to pursue the motion. The motion is DENIED.

### 2.   Motion to Quash (ECF No. 74)

On November 27, 2023, Plaintiff filed a "Notice of Motion and Motion to Quash." This filing is just three pages, does not include a copy or description of the contested subpoena, and appears to be an attempt to set her previously filed motion to quash for hearing on December 8, 2023. The filing is unsigned by Plaintiff. Plaintiff was again informed the motion was not properly set for hearing. ECF No. 75. Plaintiff did not re-notice the motion and Defendant did not file an opposition to the motion. The motion is DENIED based on Plaintiff's failure to present a record supporting the motion.

### 3.   Motion to Compel (ECF No. 76)

December 5, 2023, Plaintiff moved to compel a subpoena she served on Defendants on June 16, 2023, concerning electronically stored information. ECF No. 76 at 1. The motion was filed nearly three weeks after the close of discovery, on December 5, 2023, and seeks the production of electronically stored information, particularly video footage of the "dress out room." *Id.* at 2. The Motion states that Defendants claimed some of the information was privileged and confidential and that the parties met and conferred on three occasions. *Id.* at 2-3.

////

Plaintiff states she requested the information on June 16, 2023, and that Defendants provided information on July 5, 2023. *Id.* at 2. Plaintiff believed the information was incomplete because it did not contain footage of the "dress out room." Plaintiff discussed this with defense counsel on several occasions and counsel informed her there was no more footage. *Id.* at 3. Plaintiff states that she was informed on October 30, 2023, that Defendants had produced all the video in their possession. *Id.* at 6. Plaintiff suggests she does not believe Defendants. *Id.* at 6 ("I would have believed that until I was sent an expert report which discussed the event that happened in the holding cell. It was at this point I realized they had the video footage and would not release it to me.").

Although docketed as Plaintiff's motion to compel, Plaintiff also includes what is referred to as a "joint stipulation" and includes a purported statement from Defendant that they have produced all video footage to Plaintiff and that their retained expert has the same video footage as that provided to Plaintiff. *Id.* at 6-7. Plaintiff attempted to set the motion for hearing just 10 days after it was filed, and Judge Barnes issued an order advising that it was defectively noticed and need to be re-noticed in accord with Local Rule 251. Plaintiff did not re-notice the motion. However, Plaintiff did file another motion on the same subject matter (ECF No. 85) which the Court will address below. This motion is DENIED for the reasons set forth below in discussing Plaintiff's other motion to compel (ECF No. 85).

**4. Motion for Sanctions (ECF No. 77)**

Concurrent with the motion to compel (ECF No. 76), Plaintiff filed a separate motion for sanctions. Plaintiff sought an order prohibiting Defendants from ordering "any direct or rebuttal evidence of any kind on the issue of…lack of intent of defendant to produce electronically stored information the plaintiff, Brihana Hanible to defraud." ECF No. 77 at 2. The motion refers to a purported prior order dated June 16, 2023, allegedly compelling discovery. *Id.* at 4-5. However, there is no order of that date in this case, nor does there appear to be any prior order compelling discovery. Further, Plaintiff states the order is attached to the supporting affidavit which has exhibits A thru D, but there are no attachments to the motion. ECF No. 77 at 4 ("On June 16, 2023, this Court issued an Order, a true and correct copy of which is attached to the Supporting

Affidavit as Exhibit A, B, C, and D."). A Minute Order issued again informing Plaintiff that the motions were defectively noticed. ECF No. 80. Again, Plaintiff did not re-notice the motion and Defendants did not respond. The motion is DENIED as the motion is unsupported and seeks to sanction Defendants for noncompliance with an alleged order of June 16, 2023, that does not exist.

### 5. Motion to Compel (ECF No. 85)

Plaintiff filed this motion on December 19, 2023, and noticed it for hearing on January 19, 2023. ECF No. 85. She again sought the production of electronically stored information. Defendants responded to the motion and stated that "Plaintiff is convinced that the County is in possession of video footage that does not exist." ECF No. 87 at 1. Defendants state they have "produced all video footage in the possession of the County." *Id.* The parties clarified at the hearing that the video footage Plaintiff believed was missing concerned the "dress out room," or holding cell where inmates change out of civilian clothes and into jail uniforms. Defense counsel represented at the hearing, as an officer of the Court, that there are no interior cameras in this "dress out" area and that all video footage had been produced.

As Defendants have produced the requested video footage, there is nothing to compel. Accordingly, the motion to compel is DENIED.

### III. Motion to Reopen Discovery and Motion to Supplement

During the course of the hearing on the motion for summary judgment, Plaintiff made comments indicating that she believed more discovery was necessary, or that she was still trying to identify the officers involved. She also presented some photographic evidence during the hearing that had not been previously filed with her opposition to summary judgment. The Court informed Plaintiff that if she wished the court to consider the exhibits, she needed to file them with the Court along with a motion to supplement the record. The Court also stated that it considered discovery closed, but that it would allow Plaintiff one week to file a motion to reopen discovery.

### 1. Motion to Supplement (ECF No. 101)

Plaintiff moves to supplement the summary judgment record with 25 photos that were not

previously submitted with her summary judgment opposition. ECF No. 101 at 1. Plaintiff cites to Rule 15 and refers to supplemental pleadings, but what she actually seeks is to supplement the summary judgment record. Plaintiff states she did not previously submit the photos "because I did not have the images at the time in tangible format nor did I understand the importance of showing the injuries I sustained during the incident until I fully grasp the affect they would have on the video footage." ECF No. 101 at 6. The motion does not lay an evidentiary foundation for the photos, but instead states: "If you need further information of what these photographs represent please don't hesitate to contact me via email or written correspondence." ECF No. 101 at 8.

Defendants oppose the motion to supplement. ECF No. 105. Defendants argue that their motion was filed in November 2023, Plaintiff received an extension to January 5, 2024 to respond, and Plaintiff did not include the photos. Defendants object that the photos are not authenticated and Plaintiff has not described when the photos were taken or by whom. *Id.* at 2.

Whether to grant a motion to supplement the record is within the Court's discretion. *Courkamp v. Fisher-Price, Inc.*, 2022 WL 4448323 (D. Ariz. Sept. 23, 2022). In deciding whether to allow supplementation, courts consider: 1) whether the evidence the party is seeking to admit is relevant, 2) whether the motion is made in good faith, and 3) whether allowing supplementation would unfairly prejudice the non-moving party. *Id.* at *2. A motion to supplement may also be denied if the moving party did not act diligently. *Id.*, citing *Stucky v. Dep't of Educ.*, 337 F.App'x 611, 613 (9th Cir. 2009). Plaintiff cites to Rule 15, but the appropriate inquiry is under Rule 56(d) or 56(e). *See Nakanelua v. United Public Workers*, 2022 WL 174098 (D. Hawaii Jan. 19, 2022) ("Courts have employed both rules to address motions to supplement the record on summary judgment."). Under either subsection, the "central question" is whether Plaintiff has "demonstrated the requisite diligence." *Id.* at *2.

The Court finds Plaintiff has not made the requisite showing to allow for the untimely submission of the photographic evidence. The photos purport to be of injuries from the incident in February 2021, and if that is the case, they would have been taken shortly after that time and available to the Plaintiff long ago. Plaintiff's opposition to the motion for summary judgment

6

was filed over one year ago. ECF No. 89. Plaintiff's assertion that she did not have the images in "tangible format" or did not recognize their relevance, is not sufficient. The motion to supplement is DENIED.

**2.  Motion to Reopen Discovery (ECF No. 102)**

Plaintiff's motion states that she wishes to reopen discovery "on the grounds that the Defendants Motion for Summary Judgment was prematurely filed." ECF No. 102 at 1. In support of the motion, Plaintiff has submitted a declaration. She states that on or about November 2, 2023, she served a subpoena on the Defendant seeking the production of personnel files, with a compliance date of November 17, 2023. ECF No. 102 at 4. Plaintiff further states that she made a public records request on January 26, 2025, seeking to identify officers involved from a photo she provided. *Id.* Plaintiff states: "I have identified four more Doe Defendants, and need ten more officer names." *Id.*

Plaintiff contends that Defendants "are not engaging in discovery" and that her motions filed in November and December of 2023 (discussed above) were an "attempt to notify the court that the defendants were not cooperating with discovery." *Id.* at 5. Plaintiff claims that Defendants improperly moved for summary judgment prior to the close of discovery, and in violation of AB 2049 which requires a motion be filed at least 75 days before hearing.[3] Plaintiff also contends she obtained an expert witness after the disclosure deadline on November 1, 2023, and that the expert examined her in January 2024. *Id.* at 6-7.

Defendants oppose the motion. ECF No. 104. Defendants state that a scheduling order was entered in this matter on January 31, 2023, which set the close of discovery for September 15, 2023. *Id.* at 2. That deadline was subsequently extended to November 17, 2023. ECF No. 64. Defendants contend that Plaintiff has not shown good cause for modification of the Court's scheduling order. ECF No. 104 at 3. Defendants claim that the subpoena concerning the

---

[3] It appears this is a reference to California state law, Assembly Bill 2049, which did not go into effect until January 1, 2025. State law does not supply the procedural requirements for dispositive motions in this case. The timing requirements are governed by the Federal Rules of Civil Procedure, this District's Local Rules, and scheduling orders entered by this Court.

7

1    production of personnel files, which Plaintiff claims was served on or about November 2, 2023,
2    was never served. ECF No. 104-1.

3    Defendants argue that the Court should analyze Plainitff's request as a request to amend
4    the pretrial scheduling order under Rule 16(b)(4) and that Plaintiff has not shown good cause or
5    reasonable diligence. ECF No. 104 at 3. Plaintiff's motion could also be construed as falling
6    under Rule 56(d), as a request for additional discovery in order to oppose summary judgment.
7    Under either standard, Plaintiff must show diligence. Under Rule 16, a court's scheduling order
8    "controls the subsequent course of the action" unless modified, and modification prior to the final
9    pretrial conference requires a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*,
10   975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b)'s good cause standard "primarily considers the
11   diligence of the party seeking the amendment." *Id.* at 609. Although the "existence or degree of
12   prejudice to the party opposing the modification" may be considered, the focus of the inquiry is
13   on the moving party's reasons for seeking modification of the schedule. *Id.* "If that party was not
14   diligent, the inquiry should end." *Id.* Specifically in the context of a motion to amend a Rule 16
15   order to reopen discovery, the Ninth Circuit has instructed the following factors be considered: 1)
16   whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party
17   would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the
18   guidelines established by the court; 5) the foreseeability of the need for additional discovery; and
19   6) the likelihood further discovery will lead to relevant evidence. *City of Pomona v. SQM N.*
20   *Amer. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).[4]

21   Under Rule 56(d), a "party requesting a continuance pursuant to" that rule "must identify
22   by affidavit the specific facts that further discovery would reveal, and explain why those facts
23   would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d
24   1090, 1100 (9th Cir. 2006).[5] Whether to grant such motion, rests in the Court's discretion. *Id.*

---

[4] Neither party specifically addressed the six-factor test in their briefing.
[5] *Tatum* concerned then-Rule 56(f). Under a prior version of the Federal Rules of Civil Procedure, Rule 56(f) was the provision concerning continuances for additional discovery, that provision is now 56(d). The Advisory Committee notes to the 2010 amendment state that Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)." *See also Slama v. City of Madera*, 2012 WL 1067198 (E.D. Cal. March 28, 2012) ("Rule 56(d) was

8

"The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." *Mkrtchyan v. Sacramento County*, 2023 WL 6961889 at *2 (E.D. Cal. Oct. 20, 2023) (internal citation omitted). The failure to conduct discovery diligently is grounds for denial of a motion under this rule. *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

This lawsuit was filed in July 2021. ECF No. 1. After motions to dismiss were decided and amendment of the complaint, in December 2022, the Court set a pretrial scheduling conference for January 2023. ECF No. 41. Prior to the scheduling conference, Plaintiff filed a status report which stated that "formal discovery" had not commenced but Plaintiff had "sent requests for items under the California Public Records Act prior to the lawsuit having been filed. Defendants produced some but not all items requested." ECF No. 43 at 5. Plaintiff's report also stated that Defendants would identify all officers present at the scene as part of the initial disclosures. *Id.* at 5-6. Plaintiff proposed a fact discovery deadline of October 20, 2023, and an expert discovery deadline of February 9, 2024. *Id.* at 7. Defendants filed a separate status report which stated they "did not have contact" with Plaintiff prior to the filing of her status report and "do not consent to the representations made" therein. ECF No. 45. Defendants agreed to the October 20, 2023 deadline for fact discovery. ECF No. 45 at 2.

On January 31, 2023, the pretrial scheduling order was entered. ECF No. 51. The order provides in part: "READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE." ECF No. 51 at 1. The order set September 15, 2023 as the deadline for completion of discovery. *Id.* at 2. It also set a deadline of July 28, 2023, for Plaintiff to disclose experts and a motions deadline of November 3, 2023. *Id.* at 6.

On August 1, 2023, Plaintiff requested an extension of the expert disclosure deadline. ECF No. 63. The Court extended the deadline to September 29, 2023, and the deadline for

---

formerly Rule 56(f), and the cases that interpret Rule 56(f) apply to current Rule 56(d).")

9

completion of discovery to November 17, 2023.  ECF No. 64.  Plaintiff did not file a further motion to extend deadlines prior to the close of discovery, nor did she file a motion to compel.  The only discovery-related motion filed prior to the close of discovery, as discussed above, was the motion to quash (ECF No. 66).  In the motion to quash, Plaintiff sought to limit discovery by quashing a subpoena that she claimed was served on her seeking medical records.  It was not an attempt to extend discovery, or compel discovery from Defendants.

Defendants did not file the motion for summary judgment prematurely.  Defendants filed the motion more than two years after the case was filed, and just three days prior to the close of discovery.  Plaintiff requested 14 additional days to oppose the motion, but did not contend in that motion for extension that she needed to conduct additional discovery.  ECF No. 81.  Plaintiff filed an opposition by the extended deadline of January 5, 2024, and did not contend additional time was needed to respond under Rule 56(d).  ECF No. 89.

Plaintiff's motion requesting additional time for discovery does not demonstrate the requisite diligence under Rule 56(d).  *See Mkrtchyan v. Sacramento County*, 2023 WL 6961889 at *3 (E.D. Cal. Oct. 20, 2023) ("Plaintiff did not file the pending Rule 56(d) request until more than two weeks after he filed his opposition to defendants' pending motion for summary judgment and four days after defendants had filed their reply brief.  Courts consistently deny Rule 56(d) requests in similar situations.") (citing cases denying Rule 56(d) relief where the summary judgment opposition has already been filed).  Plaintiff's motion also does not show the diligence required to demonstrate good cause to modify the Court's pretrial scheduling order.  Discovery closed more than a year prior to the motion to reopen discovery being filed.  The motion points to two specific instances of discovery to support a showing of diligence.  Plaintiff claims she served a subpoena in November of 2023 for personnel records.  Setting aside that Defendants claim the subpoena was never received, the subpoena was allegedly served only two weeks prior to the close of discovery.  Plaintiff did not file a motion to compel compliance with the subpoena, or move to continue summary judgment briefing based on the lack of compliance.  Thus, the service of the subpoena does not support modifying the Court's scheduling order to reopen discovery.  Plaintiff also points to a public records request she made on January 26, 2025. Making this

10

request more than a year after discovery closed does not demonstrate diligence in pursuing discovery.

Finally, in consideration of the factors from the Ninth Circuit's decision in *City of Pomona*, the Court finds the factors in totality do not weigh in favor of reopening discovery. 866 F.3d at 1066. As to the first factor, a trial date is not imminent as no date is set. However, if the matter proceeds beyond the pending summary judgment motion, a trial date will soon be set and reopening discovery would delay the matter. As to the second factor, the request is opposed. On the third factor, Defendants argue they would suffer prejudice in the manner of additional time and litigation expenses in this already long pending action. ECF No. 104 at 6. Both a delay in the proceedings and additional costs can constitute prejudice. *See Morris v. Sutton*, 2019 WL 2994291 at *5 (E.D. Cal. July 9, 2019). As to the fourth factor, the Court has discussed above extensively Plaintiff's diligence and determined that Plaintiff was not diligent in obtaining discovery within the schedule set by the Court. Fifth, the discovery Plaintiff apparently seeks pertains to identifying officers and obtaining personnel files. The need for this type of discovery was foreseeable from the outset and thus this factor weighs against reopening discovery. On the sixth factor, it is likely that the discovery Plaintiff seeks could lead to relevant evidence. The Court finds that four of the six factors weigh against reopening discovery, and this includes what some courts have called "the most significant factor," diligence. *Id.* at *6.

Accordingly, Plaintiff's request to reopen discovery is DENIED.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Plaintiff's motion to quash (ECF No. 66) is DENIED;
2) Plaintiff's motion to quash (ECF No. 74) is DENIED;
3) Plaintiff's motion to compel (ECF No. 76) is DENIED;
4) Plaintiff's motion for sanctions (ECF No. 77) is DENIED;
5) Plaintiff's motion to compel (ECF No. 85) is DENIED;
6) Plaintiff's motion to supplement (ECF No. 101) is DENIED; and

/////

7) Plaintiff's motion to reopen discovery (ECF No. 102) is DENIED.

SO ORDERED.

DATED: March 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE