UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIHANA HANIBLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SOLANO, et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-01315-SCR<br><br>SCHEDULING ORDER |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

On July 10, 2025, the Court conducted a status conference to set a final pretrial conference and trial date.[1] At the scheduling conference, Plaintiff appeared pro se and attorney Danielle Lewis appeared on behalf of Defendants. After hearing from the parties, the Court issues the following pretrial scheduling order.

**I.    FINAL PRETRIAL CONFERENCE AND TRIAL**

The final pretrial conference is set for **October 23, 2025** at 10:00 a.m. and trial is set for

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties.

**November 17, 2025** at 9:30 a.m. in Courtroom No. 27 before Magistrate Judge Riordan. Trial counsel must appear at the final pretrial conference. At the final pretrial conference, the Court will discuss the conduct of trial, address certain motions as identified below, and set other trial-related deadlines, including for the submission of exhibits.

## II.  PARTIES' RESPONSIBILITIES AND DEADLINES

### A.  Meet and Confer

At least 28 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with Plaintiff with respect to the following subjects: (1) settlement of the case, to the extent there are further matters to discuss regarding settlement after the settlement conference before Magistrate Judge Jeremy D. Peterson (*see* II.H., below); (2) preparation of the joint pretrial filings; and (3) clarifying and narrowing the contested issues for trial.  Counsel and parties in close geographical proximity are encouraged to meet in person.

### B.  Joint Pretrial Statement

The parties shall endeavor to file a **joint** pretrial statement pursuant to Local Rule 281(a)(2). The joint pretrial statement must be filed no later than twenty-one (21) days before the date set for the final pretrial conference and must also be emailed as a Word document to SCRorders@caed.uscourts.gov.  **If the parties cannot agree to a joint pretrial statement, the parties shall file individual statements**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1. Statement of the Case: A concise, statement of the case must be included.
2. Trial Length Estimate: An estimate of the length of trial must also be included. Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday through Friday.
3. Factual Issues: The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement. Each fact or factual issue should be numbered. For disputed factual issues, identify the cause of action or defense to which the factual issue is related.

4. <u>Stipulations</u>: Any stipulations requested or offered for pretrial or trial purposes.

5. <u>Points of Law</u>: In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.

6. <u>Motions In Limine</u>: The parties shall also identify the motions in limine each party reasonably anticipates filing (*see* II.C, below).

7. <u>Abandoned Issues</u>: A statement of all issued raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses.

8. <u>Amendments</u> – <u>Dismissals</u>: Any requested amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

9. <u>Witness Lists</u>: Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such. The witness list must include the witness's name; the witness's title or position; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a concise statement of the anticipated subjects of testimony. **Pursuant to Local Rule 281, only individuals on the witness list submitted with the pretrial statement will be permitted to testify at trial**, except as may be otherwise provided in the pretrial order. The witness's address does not need to be included.

10. <u>Exhibit Lists</u>:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. All exhibits must be individually identified with specificity, including a reasonable amount of detail such that other parties can identify each exhibit, including exhibit name/title, document/file date, bates numbers, and a concise description of the exhibit. Groups or categories of documents/records may <u>not</u> be listed as a single exhibit (e.g., it is improper to list "Initial Disclosure Documents," "Cell phone records," etc. as a single exhibit). **Pursuant to Local Rule 281, only exhibits on the exhibit list submitted with the pretrial statement will be permitted to be**

3

**offered at trial**, except as may be otherwise provided in the pretrial order.

Exhibits shall <u>not</u> be filed. However, each party shall make its exhibits available for inspection by the other parties (or provide copies) on or before October 6, 2025.

### C.     Motions In Limine

All unresolved substantive or evidentiary issues which may foreseeably arise during trial shall be addressed by motions in limine. Motions in limine shall be filed by the close of business fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed by the close of business seven (7) days before the date set for the final pretrial conference. **No replies shall be filed**.

Briefing for motions in limine shall be limited to 25 pages **total for each side**. Each motion in limine should be numbered and clearly identified. For example, "Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the beginning that lists each motion in limine and the page number on which the motion begins.

Briefing for oppositions/responses to motions in limine shall also be limited to 25 pages **total for each side**. Each opposition/response should be numbered and clearly identified. For example, "Defendants' Opposition to Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall also include a table of contents at the beginning that lists each motion in limine opposition/response and the page number on which the opposition/ response begins.

The parties should be prepared to argue their motions in limine at the final pretrial conference. The Court will endeavor to rule on motions in limine before trial begins to assist the parties in their trial preparations.

### D.     Proposed Voir Dire, Jury Instructions, and Verdict Forms

The parties must file proposed voir dire questions, proposed jury instructions, and proposed verdict forms by the close of business seven (7) days before the date set for the final pretrial conference. The parties must also email these filings as Word documents to SCRorders@caed.uscourts.gov. The parties should be prepared to address the proposed voir dire questions, jury instructions, and verdict forms at the final pretrial conference.

### E. Trial Briefs

Parties are not required to file trial briefs. If a party chooses to file a trial brief, it shall not be longer than ten pages and shall be filed no later than by the close of business fourteen (14) days before the date set for trial. Trial briefs shall not duplicate the contents of the joint pretrial statement and proposed order.

### F. Courtesy Copies

Two binders containing courtesy copies of the joint pretrial statement, witness lists, exhibit lists, proposed voir dire questions, proposed joint jury instructions, proposed joint verdict forms, motions in limine, and oppositions to motions in limine must be delivered to the Clerk's office by noon six (6) days before the date set for the final pretrial conference. This is the day <u>after</u> the filing deadline for the proposed voir dire questions, proposed jury instructions, proposed verdict forms, and oppositions to motions in limine. *Parties should coordinate so that only two courtesy copies are submitted, rather than submitting separate courtesy copies from each party.*

All courtesy copies must be double-sided, three-hole punched at the left margin, and marked with the ECF stamp (case number, document number, date, and page number) on the top of each page. These binders shall include labeled side tabs, and be clearly marked "Chambers Copy – Do Not File" with Judge Riordan's name, the case number, and the case name.

### G. Trial

A jury trial is set to commence on **November 17, 2025** at 9:30 a.m., in Courtroom No. 27. The Court is currently setting aside the entire week of November 17 for trial, though the parties shall offer an estimate as to the expected number of trial days in their joint pretrial statement.

### H. Settlement

The undersigned refers the parties to a settlement conference before Magistrate Judge Jeremy D. Peterson on **September 23, 2025** at 10 a.m.  Judge Peterson will issue a separate order concerning the conduct of the settlement conference.  If that date does not work for the parties,

////

////

////

they shall confer on mutually agreeable dates and contact Judge Peterson's chambers to reset the settlement conference.

SO ORDERED.

DATED: July 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE