UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIHANA HANIBLE, | No. 2:21-cv-01315-SCR |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SOLANO, et al., | |
| Defendants. | |

Plaintiff proceeds pro se in this civil rights action raising claims under 42 U.S.C. §1983 and state law concerning an encounter with law enforcement in February 2021. The parties have consented to magistrate judge jurisdiction and this matter has been assigned to the undersigned for all proceedings. ECF Nos. 46 & 97. On June 23, 2025, the Court entered an order granting in part and denying in part Defendants' motion for summary judgment. ECF No. 108. The Court then held a pretrial conference on July 10, 2025, and set the matter for jury trial on November 17, 2025. ECF Nos. 110 & 111. On July 21, 2025, Defendants filed a notice of appeal in which they state they intend to challenge the denial of qualified immunity. ECF No. 113 at 1. On July 23, 2025, Defendants filed a motion to stay requesting that all further proceedings be stayed in this Court, with the exception of the settlement conference set for September 23, 2025. ECF No. 115. Plaintiff filed an opposition (ECF No. 121), Defendants submitted a reply (ECF No. 123), and the Court heard argument on the motion on September 4, 2025.

I.  **Discussion**

Under 28 U.S.C. § 1291, appellate courts generally lack jurisdiction to hear interlocutory appeals from the denial of summary judgment. However, an exception applies to appeals of the denial of qualified immunity. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017). The appellate court has jurisdiction over an interlocutory appeal from a denial of summary judgment to "review a denial of qualified immunity where a defendant argues ... that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." *Isayeva*, 872 F.3d at 945 (internal quotation marks omitted).

A properly brought interlocutory appeal of an order denying qualified immunity on summary judgment ordinarily divests the district court of jurisdiction to proceed with trial on the claim subject to the qualified immunity appeal, unless the district court certifies in writing that the appeal is frivolous, in which case it may proceed with trial. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). An appeal is frivolous if the result is obvious, or the arguments are wholly without merit. *See Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1149 (9th Cir. 2024).

Defendants argue that a stay is appropriate as trial on the remaining claims "claims may be directly or indirectly affected and implicated by the outcome" of the appeal. ECF No. 115 at 4. Plaintiff opposes the stay and argues that Defendants are "once again prolonging the case" and "causing unnecessary delay." ECF No. 119 at 3. Plaintiff further states that "defendants don't have a right to appeal to the court of appeals … because the plaintiff is hurt and there is enough evidence to show that their actions were malicious and violated a clearly established right." *Id*. The Court construes Plaintiff's argument that there is "enough evidence" as one that there is a genuine dispute of fact, and that Defendants did not establish the right to qualified immunity, and thus the appeal is meritless.

"In the absence of a certification by this court that defendants' claim of entitlement to qualified immunity is frivolous or has otherwise been waived, 'the district court is automatically divested of jurisdiction to proceed with trial pending appeal.'" *Centeno v. City of Fresno*, 2018

1  WL 1305764, *3 (E.D. Cal. 2018), citing *Chuman*, 960 F.2d at 105.  As indicated at the hearing
2  on the stay motion, the Court does not believe that Defendants' appeal of the denial of qualified
3  immunity is likely to succeed.  In moving for summary judgment, Defendants devoted only two
4  pages of their memorandum to the issue of qualified immunity.  *See* ECF No. 71-1 at 18-19.
5  Qualified immunity was largely discussed collectively as to "defendants" and Defendants vaguely
6  argued the right at issue was not clearly established, while making no attempt to define that right.
7  *Id.*

8  Now, in the motion to stay, Defendants argue that each Defendant is "entitled to an
9  individual analysis," and that each Defendant had a different role.  ECF No. 115 at 4.  Defendants
10 argue that "Nguyen and Figueroa had different and distinct contact with Plaintiff, and Brunke did
11 not have any physical interaction with Plaintiff."  *Id.*  That argument was not clearly presented in
12 Defendants' brief two-page discussion of qualified immunity.  Defendants also argue that the
13 Ninth Circuit may review a denial of qualified immunity where a defendant argues that the facts,
14 even when considered in the light most favorable to the plaintiff, show no constitutional violation,
15 or no violation of a clearly established right."  *Id.* at 4.  While that is correct as a general matter,
16 the facts here, viewed in a light most favorable to Plaintiff, do not support a finding of qualified
17 immunity.  As set forth in the Court's order on summary judgment, Plaintiff declared that she was
18 brutally beaten and her ankle fractured in the dress-out room.  ECF No. 108 at 18.  Plaintiff
19 further declared that an officer kicked her in the face.  *Id.*  Viewing the facts in a light most
20 favorable to Plaintiff, she was a pretrial detainee who was thrown to the ground, beaten, kicked in
21 the face, and had her ankle broken.  Defendants' argument appears to be that it would not be clear
22 to a reasonable officer that such conduct was unlawful.  As set forth in the Court's ruling on
23 summary judgment, this argument lacks merit.  *See* ECF No. 108 at 20 ("There are genuine
24 disputes of material fact as outlined above, and if Plaintiff was brutally beaten and suffered a
25 broken ankle in the changing room, Defendants are not entitled to qualified immunity.").

26 Nevertheless, Defendants' appeal is not necessarily frivolous.  *See Centeno*, 2018 WL
27 1305764, *3 ("While the court believes that it correctly determined that defendants were not
28 entitled to qualified immunity based upon the evidence submitted on summary judgment, this

does not mean defendants' appeal is wholly without merit."). This Court, not having reviewed the arguments that will be raised in an opening brief, will decline to certify the appeal as frivolous. If the Court of Appeals determines that the appeal is frivolous, it may award appropriate sanctions. Fed. R. App. P. 38.

As the Court is not certifying the appeal as frivolous, it loses jurisdiction over those aspects of the case that are involved in the appeal, or stated otherwise, the claims that are the subject of the appeal. *See Peck v. Cty. of Orange*, 528 F.Supp.3d 1100, 1103 (C.D. Cal. 2021). However, that does not mean the Court loses jurisdiction over all claims. "Most courts have construed the 'subject of the appeal' to include the claims subject to the immunity defense. *Id.* citing *Andrade Rico v. Beard*, 2019 WL 4127206, *2 (E.D. Cal. Aug. 30, 2019). Plaintiff's state law claims are not subject to the qualified immunity defense. *See Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013) ("[T]he doctrine of qualified immunity does not shield defendants from state law claims."). In *Peck*, the court concluded that plaintiff's *Monell*, discrimination, and wrongful death claims were not directly on appeal. 528 F.Supp.3d at 1103. Despite concluding that it retained jurisdiction, the *Peck* court determined a stay was appropriate under the factors set forth by the Ninth Circuit in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In *Lockyer*, the Ninth Circuit stated that when contemplating a stay "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110. Those factors include: 1) the possible damage which may result from the granting of a stay; 2) the hardship or inequity which a party may suffer in being required to go forward; and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*

The possible damage Plaintiff points to is the delay in this already four-year old case. While the delay is unfortunate, opening and answering briefs are due in the Ninth Circuit in October and November, thus the delay may not be substantial. Defendants argue that absent a stay they would be forced to litigate the same or overlapping issues, which could result in inconsistent determinations by the two courts. ECF No. 123 at 5-6. Defendants also argue that "all of the claims are inextricably intertwined." *Id.* at 6. As discussed in the Court's order on

1 summary judgment, there is some overlap between Plaintiff's § 1983 claim and the Bane Act
2 claim. ECF No. 108 at 14-15. There is also significant overlap between the excessive force
3 claim under § 1983 and the state law assault and battery claim. *Id.* at 16-17. This overlap in the
4 claims favors a stay. See *Peck*, 528 F.Supp.3d at 1107 (finding overlap in issues between federal
5 excessive force claim and wrongful death claim favored a stay). The Court finds that the orderly
6 course of justice would be better served by issuing a stay as to all claims.

## II. Conclusion

A stay is generally appropriate when an interlocutory appeal is taken on the issue of qualified immunity. Although the state law claims, which are not subject to a qualified immunity defense could proceed to trial, such would not be in the interest of judicial efficiency as it may necessitate the need for two trials. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). For the foregoing reasons, **IT IS HEREBY ORDERED**:

 1) Defendants' motion to stay (ECF No. 115) is GRANTED.
 2) The final pretrial conference of October 23, 2025, and trial date of November 17, 2025 are hereby VACATED.
 3) All deadlines set in the Court's Pretrial Scheduling Order (ECF No. 111) are VACATED, with the exception of the settlement conference which remains set for September 23, 2025.
 4) Plaintiff may nonetheless file a motion seeking appointment of trial counsel, which the Court may consider while the appeal is pending.
 5) Defendants shall file a notice with this Court when appellate briefing has concluded, indicating as much.

////
////
////
////

6) After the Ninth Circuit Court of Appeals issues its decision on the interlocutory appeal, the Court will convene a status conference to reset the trial and remaining pretrial dates.

SO ORDERED:

DATED: September 4, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE